IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § |  |
|---|---|---|
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:10-CV-1321-L** |
| | § | |
| **BILLY ELLIOTT, EVELYN SMITH,** | § | |
| **REGAN CRAIG,** and All Other Occupants, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed September 14, 2010. Neither Defendant Regan Craig[1] nor any other defendant filed a response to the motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

### I. Background

On May 20, 2010, the Federal National Mortgage Association ("Plaintiff") filed this action against Billy Elliot, Evelyn Smith, and All Other Occupants (collectively, "Defendants") in the Justice of the Peace Court, Precinct 4, Place 1, Dallas County, Texas. Plaintiff sued Defendants, pursuant to Chapter 24 of the Texas Property Code, for possession of the property (the "Property") located at 1609 Turtle Point Drive, DeSoto, Texas 75115. Pl.'s Sworn Compl. for Forcible Detainer ("Complaint") ¶¶ I, IV-VII.

---

[1]The record reflects that Regan Craig was the defendant who actually removed the action to federal court, although two other defendants are listed in the caption. Regan Craig was not listed specifically as a defendant in the state case, although his name does appear in a Pauper's Affidavit.

**Memorandum Opinion and Order - Page 1**

From what the court can glean from the record, service of the citation on Defendants Elliott and Smith was done pursuant to Rule 742(a) of the Texas Rules of Civil Procedure, which allows service of the citation by "securely affix[ing] [it] to the front door or main entry to the premises." Service took place on May 26, 2010. Also, the record reflects that the constable mailed a copy of the citation to these two defendants.

On June 3, 2010, Justice of the Peace Michael Petty issued a default judgment in favor for Plaintiff against Defendants Elliott and Smith, and All Other Occupants of the Property. Thereafter, on June 8, 2010, Regan Craig ("Craig"), *apparently one of the occupants of the Property*, appealed the judgment to the County Court at Law. On June 21, 2010, County Court at Law No. 2, Dallas County, Texas, issued a letter to Defendants Elliott and Smith, and Plaintiff's counsel, advising them that the appeal was set for a hearing on July 8, 2010. Defendants did not file an answer in state court.

On July 7, 2010, Craig removed this action to federal court on the bases that complete diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. In his Notice of Removal, Craig acknowledges that he is an "individual resident citizen[] of the State of Texas" and was such a citizen at the time the action was commenced and at the time it was removed from state court. Notice of Removal ¶ III(b)(i). Plaintiff seeks to have this action remanded because it contends that: (1) no subject matter jurisdiction exists; (2) no federal question is raised in Plaintiff's Complaint; (3) Craig is a local defendant; and (4) removal by Craig was not timely in that it occurred more than thirty days after he was served with Plaintiff's suit.

## II. Legal Standard for Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.) This, of course, is not the only manner in which federal question jurisdiction arises.

The Supreme Court recently dealt with what it called a "longstanding, if less frequently encountered, variety of 'federal arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *Grable* makes it unequivocally clear that, under this type of "arising under" jurisdiction, the existence of a cause of action created by federal law is not a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal jurisdiction pursuant to 28 U.S.C. § 1441(a). *Id.* In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," *id.*, a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. When a pleading only sets forth state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to

support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

Having set forth the applicable standard, the court now addresses Plaintiff's grounds for remand. For the reasons stated, Craig fails to carry his burden and establish that this court has subject matter jurisdiction.

### III.  Analysis

#### A.  Federal Question

Plaintiff moves to remand because it contends that no federal question jurisdiction is raised by the Complaint and the court therefore lacks subject matter jurisdiction over this action. Craig contends the court has subject matter jurisdiction because this action presents "a federal question pursuant to the Protecting Tenants at Foreclosure Act of 2009" (the "Foreclosure Act"). Notice of Removal ¶ III (b)(vi). For federal question jurisdiction to be invoked, a plaintiff's claim must arise under federal law. 28 U.S.C. § 1441. In general, removal is proper only when the state court action initially could have been filed in a federal court. Plaintiff argues that nothing within the Foreclosure

Act is an element of its required proof in establishing a claim under the statutory framework of section 24.002 of Texas Property Code (Vernon 2000).

The court agrees with Plaintiff. In reference to the "well pleaded complaint" requirement, the Complaint must raise "issues of federal law sufficient to support federal question jurisdiction." *Rodriguez*, 980 F.2d at 1017. Forcible detainer actions do not meet this standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is "[a] justice court in the precinct in which the real property is located . . . ." Tex. Prop. Code Ann. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action.

Craig's reliance on the Foreclosure Act is also unavailing for another reason. A defense to a state-law claim that rests on federal law is insufficient to establish federal question jurisdiction. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction. . . . Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 550-51 (citations omitted). Even if the Foreclosure Act supplied a federal defense for Craig, it would still be insufficient for federal jurisdiction because *Plaintiff's pleadings* must raise the federal claim or issue. Plaintiff's pleadings do not provide a

federal basis; thus, there is no federal question under the well-pleaded complaint rule. Craig has not met his burden in establishing federal question jurisdiction over this action. The court therefore determines that no federal question is raised by Plaintiff's Complaint.

    **B.    Diversity**

        **1.    Citizenship and Timeliness of Removal**

Craig adequately shows that diversity of citizenship exists between him, as well as the other defendants, and Plaintiff. Plaintiff does not contest diversity, and the record reflects that diversity exists between the parties; however, ordinarily, neither Craig nor the other defendants would be able to remove because of a statutory prohibition on removal by a local or in-state defendant.

The statute that governs removal of cases in general is 28 U.S.C. § 1441. The relevant provision of the statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. *Id.*; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). In this case, however, this action may remain in federal court because Plaintiff has waived its right to object to removal on this ground. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Failure to seek remand

within 30 days of removal constitutes a waiver of the right to challenge the removal. *Coury v. Prot*, 85 F.3d 244, 253 (5th Cir. 1996); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991). Craig removed this action on July 7, 2010, and Plaintiff filed its motion to remand on September 14, 2010, 69 days after the action was removed from state court. Accordingly, it is undisputed that Plaintiff failed to challenge the removal in a timely manner, and it has, therefore, waived its right to object to the removal on grounds that Craig is an in-state or local defendant.

Likewise, Plaintiff's argument that Defendant did not remove within 30 days as required by 28 U.S.C. § 1446(a) is without merit. A "[f]ailure to remove within the thirty-day time limit set forth in § 1446(a) constitutes a 'defect in removal procedure' within the meaning of § 1447(c)." *Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 320-21 (5th Cir. 1992) (citations omitted). The time limitation for an action to be removed is not jurisdictional; "it is merely modal and formal and may be waived." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (citations omitted). Plaintiff did not file a motion to remand until 69 days after Craig removed the action to federal court; therefore, it has waived its right to object to the removal as being untimely.

### 2. Amount in Controversy

With respect to the amount in controversy, Craig contends that it exceeds $75,000 because the value of the Property is $279,500. As noted by Plaintiff, however, the amount in controversy in this case is not the value of the Property itself, but rather the value of the right to *occupy* the Property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd,* 191 U.S. 559 (1903)). Plaintiff contends that this amount is substantially less than the Property value, and it included no monetary value in its request for relief. Moreover, a removing defendant "must produce evidence that establishes that the

actual amount of the plaintiff's claim will exceed [$75,000]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Craig, at this juncture, is a tenant at sufferance in wrongful possession of the Property, and he has provided no evidence to establish the value of the right to occupy the Property. The court accordingly determines that Craig has failed to satisfy his burden and show that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, Craig fails to establish that federal jurisdiction exists under 28 U.S.C. § 1332(a)(1).

**IV.     Conclusion**

For the reasons stated herein, the court lacks subject matter jurisdiction, and this action must be remanded to state court. Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to County Court at Law No. 2, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c). The clerk of the court shall effect the remand in accordance with the usual procedure.[2]

Plaintiff has also requested attorney's fees and costs. The court **declines** to award costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Craig is *pro se* and proceeding in *forma pauperis*. The court cannot say that Craig's removal was objectively unreasonable. Moreover, Plaintiff has unnecessarily increased costs and time because it failed to seek remand within 30 days of removal. Had Plaintiff done so, the court would have expended considerably less time and simply written a two-page order remanding the case on the grounds that it was untimely removed and Craig is an in-state defendant.

---

[2] The court notes that Plaintiff relied heavily on cases from other circuits. Only opinions from the United States Supreme Court and United States Court of Appeals for the Fifth Circuit are binding on this court. Plaintiff is instructed to heed this admonition in future filings, as the court will not consider motions relying on nonbinding precedent.

**Memorandum Opinion and Order - Page 9**

**It is ordered** this 16th day of November, 2010.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge